**Affirmed and Majority and Dissenting Opinions filed May 30, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00803-CV

---

**ASHLEY NICOLE SCHNEIDER, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF JUSTIN JAMES SCHNEIDER, DECEASED, AND AS NEXT FRIEND OF REBECCA LYNN MIGNON SCHNEIDER, EMILY NICOLE DEAN SCHNEIDER, AND CLARA JEAN ROSE SCHNEIDER, ALL MINOR CHILDREN, Appellant**

**V.**

**QUINTANA ENERGY SERVICES, LLC F/K/A QUINTANA ENERGY SERVICES, LP; QUINTANA ENERGY SERVICES INC.; AND QES PRESSURE CONTROL, LLC, Appellees**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-58887**

---

## DISSENTING OPINION

More than a generation after *Lehmann v. Har-Con Corp.*, trial courts and litigants still struggle with finality language. 39 S.W.3d 191, 205 (Tex. 2001). But this is not rocket science. Lawyers who draft—and trial courts who sign—

judgments should have a computer macro for "**THIS JUDGMENT FINALLY DISPOSES OF ALL PARTIES AND ALL CLAIMS AND IS APPEALABLE.**"[1] *Id.* at 206. Yet here we are once again talking about this.

The majority does not argue the trial court's summary-judgment order actually disposed of all claims and all parties. That's because the trial court's order didn't:

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

ON THIS DAY the Court considered the Motion for Summary Judgment filed by Defendants QES Pressure Control LLC, Quintana Energy Services LLC, and Quintana Energy Services Inc. (collectively, "Defendants"). After considering the Motion, any responses, evidence, and other considerations, the Court finds that the Motion should be GRANTED.

It is, therefore, ORDERED that Defendants' Motion for Summary Judgment against Plaintiffs is GRANTED.

FURTHER, it is ORDERED that Plaintiffs' claims against Defendants are dismissed with prejudice.

IT IS SO ORDERED on this _____ day of _____, 2021**.**

**Signed:**
_____7/30/2022___/s/ Ursula Hall_
PRESIDING JUDGE

The order does not address the liability of two of three defendants in this case.[2]

---

[1] The supreme court has not required finality language to be conspicuous, e.g., in all caps and bolded. But shouldn't lawyers and trial courts do that? It might avoid litigating the appellate court's subject-matter jurisdiction.

[2] Plaintiff's live pleading, the third amended petition, lists the following defendants: (1) Quintana Energy Services, LLC f/k/a Quintana Energy Services, LP; and (2) Quintana Energy Services Inc.; and (3) QES Pressure Control, LLC. The motion for summary judgment was filed by all three defendants, but the motion—both in the body and the prayer—only requested relief for QES Pressure Control LLC: "WHEREFORE, PREMISES CONSIDERED, Defendant QES Pressure Control LLC respectfully prays that Plaintiffs take nothing by this action, and that this Honorable Court dismiss Plaintiffs' suit on the merits with prejudice, award QES Pressure Control LLC its costs and all such other and further relief, legal and equitable, special and general, to which it may show itself justly entitled." Defendants did not move for summary judgment as to (1) Quintana Energy Services, LLC f/k/a Quintana Energy Services, LP and (2) Quintana Energy Services Inc.

And because this was not a case regularly set for a conventional trial on the merits, there is no presumption of finality. *See North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex. 1966).

Instead, the majority concludes that the trial court rendered a final judgment because the sentence "FURTHER, it is ORDERED that Plaintiffs' claims against Defendants are dismissed with prejudice" passes muster under *Lehmann.* 39 S.W.3d at 205 ("Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties. . . ."). I don't dispute that *Lehmann* says what the majority says it says, but the summary-judgment order does not claim to be final and appealable, and it grants a motion for summary judgment filed by three defendants that only requests relief for one. An issue in the judgment is the placement of the apostrophe— "Plaintiffs'" versus "Plaintiff's."[3]

The trial court had no summary-judgment basis to dispose of the claims against the two remaining defendants. For this order to be a final and appealable judgment, the phrase "FURTHER, it is ORDERED that Plaintiffs' claims against Defendants are dismissed with prejudice" must have magical qualities, and it results in the rendition of an erroneous judgment.

When there is no basis for the trial court to render a final judgment, how is boilerplate language like "plaintiff's remaining claims against defendant are dismissed with prejudice" materially different from the once valid, now discredited Mother Hubbard boilerplate "all relief not expressly granted is denied"? *See Aldridge,* 400 S.W.2d at 898; *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex. 1993) ("If a summary judgment order appears to be final, as evidenced by the inclusion

---

[3] Making things worse, there is only one plaintiff albeit acting in multiple capacities, yet the judgment refers to "Plaintiffs'" instead of "Plaintiff's."

of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal. If the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed."), *overruled by Lehmann*, 39 S.W.3d at 203–04.

The majority's reasoning is inconsistent with post-*Lehmann* supreme-court opinions. *See BellaPalma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) ("Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable."); *see also In re Lakeside Resort JV, LLC*, No. 22-1100, 2024 WL 2095990, at *1 (Tex. May 10, 2024) ("an order or judgment that does not follow a conventional trial on the merits is not final on its face unless it is clear and unequivocal about its own finality"). The supreme court seems reluctant to allow trial-court judgments to be a little bit final.[4] And shouldn't this be easy? Careful lawyers and trial-court judges should place unambiguous finality language in orders they intend to be final.[5]

The majority here believes the trial court's order is clear and unequivocal about its own finality. I don't share that confidence. The fact that this much effort has been consumed in determining whether we have subject-matter jurisdiction suggests that the order is not "clear and unequivocal about its own finality."

I sympathize with the majority's wish and desire that the underlying

---

[4] Judgments are either final or they aren't. Parties can't waive the appellate court's subject-matter jurisdiction when there's not a final judgement. So, it doesn't matter if there is "evidence" that the parties wanted this to be a final judgment. Lack of subject-matter jurisdiction is fundamental error, and I will dispense with citations because the caselaw is clear.

[5] It may be time for the supreme court to consider enshrining the *Lehmann* finality language in the Texas Rules of Civil Procedure. The supreme court should also consider a comment to any such rule that trial courts may sanction a party that intentionally and improperly uses *Lehmann* finality language to deprive the opposing party of an adjudication on the merits of their claims.

proceedings finally be final. If that were sufficient grounds to make an order final, then I would join the majority in reaching the merits. But like the parties, we can't create subject-matter jurisdiction just because we want to fix their problems.

The majority errs in concluding the order is an appealable final judgment. This court has no subject-matter jurisdiction to consider the appeal.

I respectfully dissent.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson (Jewell, J., majority).